IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 12-2388-STA-dkv <br> Cr. No. 10-20139-BBD |
| MICHAEL MARTIN, | |
| Defendant. | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 WITHOUT PREJUDICE
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On May 21, 2012, Defendant Michael Martin, Bureau of Prisons register number 23573-076, an inmate at the Federal Correctional Institution in Pollock, Louisiana, filed a pro se motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.)

On March 23, 2010, a federal grand jury returned a single-count indictment charging Martin, a convicted felon, with possession of a Mauser-Werke 7.65 caliber semi-automatic pistol on or about March 23, 2010, in violation of 18 U.S.C. § 922(g).[1] On January 13, 2011, then-United States District Judge Bernice B. Donald denied Martin's motion to suppress.[2] Pursuant to a written plea agreement, Martin

---

[1] Indictment, United States v. Martin, No. 10-20139-BBD (W.D. Tenn.), ECF No. 1.

[2] Order Denying Def.'s Mot. to Suppress, id., ECF No. 44.

entered a guilty plea to the sole count of the indictment on March 29, 2011.[3] At a sentencing hearing on June 29, 2011, Judge Donald sentenced Martin as an armed career criminal to a term of imprisonment of one hundred eighty (180) months, to be followed by a three-year period of supervised release.[4] Judgment was entered on June 30, 2011.[5] On June 30, 2011, Martin filed a notice of appeal.[6] Martin's direct appeal is pending before the Sixth Circuit Court of Appeals as case number 11-5811.

The Sixth Circuit has adopted a rule that, "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) (affirming denial of habeas relief to prisoner whose direct appeal was pending in the Fifth Circuit); see also United States v. Worthy, Nos. 97-3377, 97-3687, 1998 WL 136208, at *1 (6th Cir. Mar. 18, 1998); United States v. Goddard, Criminal Action No. 07-134-SS-JMH, Civil Action No. 09-7075-JMH, 2011 WL 3584724, at *2 (E.D. Ky. Aug. 15, 2011); United States v. Stonerock, Nos. 3:02cr0005, 3:11cv217, 2011 WL 2922938, at *1 (S.D. Ohio June 29, 2011) (report and recommendation), adopted, 2011 WL 2921904 (S.D. Ohio July 20, 2011); Townsend v. United States, No. 3:10CR-20-M, Civil Action No.

---

[3] Min. Entry, id., ECF No. 46; Plea Agreement, id., ECF No. 47.

[4] Min. Entry, id., ECF No. 53.

[5] J., id., ECF No. 54.

[6] Not. of Appeal, id., ECF No. 56.

3:11CV-P236-M, 2011 WL 2133809, at *1 (W.D. Ky. May 26, 2011). No extraordinary circumstances are present in the instant case.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's motion is premature because his direct appeal is pending and, therefore, his motion is DENIED without prejudice. Judgment shall be entered for the United States.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Henley v. Bell, 308 F. App'x 989 (6th Cir. 2009) (same), cert. denied, 555 U.S. 1160 (2009). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that any appeal by Defendant is not deserving of attention in light of Capaldi v. Pontesso. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[7]

IT IS SO ORDERED this 20th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[7] If Defendant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.